IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.M. SMUCKER LLC, | ) | CASE NO.:  5:10-cv-02753 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE ADAMS |
| vs. | ) | |
| | ) | |
| SWIFT TRANSPORTATION COMPANY, | ) | **PLAINTIFF J.M. SMUCKER LLC'S** |
| f.k.a. SWIFT TRANSPORTATION | ) | **MEMORANDUM IN OPPOSITION TO** |
| CORPORATION, INC., | ) | **DEFENDANT'S MOTION FOR ADMISSION** |
| | ) | **PRO HAC VICE OF JAMES F. MAHONEY,** |
| Defendant. | ) | **ESQ.** |

## I. INTRODUCTION

On December 3, 2010, Plaintiff J.M. Smucker LLC ("Smucker") commenced the above-captioned action against Defendant Swift Transportation Company f/k/a Swift Transportation Corporation, Inc. ("Defendant") for significant losses arising from Defendant's wrongful transportation of certain "Aromseal Canisters" of coffee (the "Coffee") at an elevation substantially in excess of the limit specifically agreed upon by Smucker and Defendant. On December 21, 2010, Defendant filed a motion (the "Motion") for the admission *pro hac vice* of an Arizona attorney, James F. Mahoney ("Mr. Mahoney"), in this case. Smucker opposes the Motion because Mr. Mahoney has already conclusively demonstrated that he is unfit to practice before this Court by virtue of his knowing and cavalier violation of Rule 4.2 of the Ohio Rules of Professional Conduct, and Rule 4.2 of the Arizona Rules of Professional Conduct, in connection with the very dispute that is the subject of this case.[1]

---

[1] Smucker also notes that Defendant inexplicably misrepresented on the docket at the time of filing the Motion that the Motion was "unopposed." *See* Docket No. 5. Defendant at no time contacted Smucker's counsel to inquire as to whether or not Smucker would oppose the Motion. As the filing of this memorandum demonstrates, Smucker plainly opposes the Motion.

II.	**STATEMENT OF FACTS**

Earlier this year, Smucker's Corporate Transportation Manager received a March 30, 2010, letter from Mr. Mahoney, written in Mr. Mahoney's capacity as counsel for Defendant, wherein Mr. Mahoney reported that Defendant was denying Smucker's claim relating to the Coffee. *See* Affidavit of David R. Wilson at ¶¶ 2-3 (the Affidavit of David R. Wilson is attached hereto as **EXHIBIT 1**). Following receipt of Mr. Mahoney's letter, Smucker asked attorney Richard A. Plewacki, Smucker's Special Transportation Counsel, to respond directly to Mr. Mahoney. Id. at ¶¶ 4-5; Affidavit of Richard A. Plewacki at ¶¶ 1-2 (the Affidavit of Richard A. Plewacki is attached hereto as **EXHIBIT 2**). On May 13, 2010, Mr. Plewacki wrote a letter to Mr. Mahoney wherein Mr. Plewacki stated, among other things, that he represented Smucker as Special Transportation Counsel and that he was responding to Mr. Mahoney's letter of March 30, 2010. Affidavit of Richard A. Plewacki at ¶ 3. Specifically, Mr. Plewacki informed Mr. Mahoney as follows:

> By way of introduction, I represent The J.M. Smucker Company ("JMS") as Special Transportation Counsel. In that capacity we have been asked to respond to your letter to Mr. David Wilson dated March 30, 2010.

Id. at Exhibit B. Mr. Mahoney, through an e-mail, acknowledged the receipt of Mr. Plewacki's letter of May 13, 2010 and confirmed that Defendant was continuing to deny Smucker's claim. Id. at ¶ 4.

Between May 13, 2010 and the end of September, 2010, various individuals at Smucker communicated with their business counterparts at Defendant in an effort to reconcile the differences between the parties regarding Smucker's claim. Affidavit of David R. Wilson at ¶ 6. As one last attempt to settle the differences between the companies before commencing litigation, Mr. Wilson arranged a conference call to be held between Smucker and Defendant on September 30, 2010. Mr. Wilson invited his colleagues, Robert Fox and Amy Stefanescu (both non-attorney business people working for Smucker), to participate in the conference call along

with Bob Lund, Vice President Risk Management and Shelly Perez, Claim Administrator (both non-attorney business people working for Defendant). Id. at ¶ 7.

Mr. Wilson initiated the conference call on Thursday, September 30, 2010 at 4:00 p.m. Eastern Daylight Savings Time. Id. at ¶ 8. At the beginning of the call, as the introductions of the participants were made, Smucker learned for the first time that Mr. Mahoney was on the conference call. Id. at ¶ 9. Mr. Mahoney never inquired whether Mr. Plewacki or any other counsel for J.M. Smucker would be participating in the call and participated in the conference call for its entire duration and spoke during the conference call. Id. at ¶ 10. He provided comments in support of Defendant's position and asked questions of Smucker's representatives. Id. Neither Mr. Plewacki nor any other attorney, including any of Smucker's in-house counsel or any other member of Mr. Plewacki's law firm, attended or participated in the conference call. Id. at ¶ 11. Mr. Plewacki never gave Mr. Mahoney permission to communicate directly with Smucker. Affidavit of Richard A. Plewacki at ¶ 5. Naturally, had Mr. Plewacki been advised of Mr. Mahoney's participation, he would not have permitted this conference call to proceed in the manner that it did. Id. at ¶ 7.

### III. LAW AND ARGUMENT

Local Rule 83.5(b) defines the circumstances under which the Court may grant an out-of-state attorney the privilege of being admitted to practice before the United States District Court for the Northern District of Ohio:

> It shall be requisite to the admission of attorneys to practice in this Court that they shall have been admitted to practice in the highest court of any state, territory, the District of Columbia, an insular possession, or in any district court of the Untied States, that they are currently in good standing with such court and that their private and **professional characters** appear to be good. All attorneys admitted to practice in this Court **shall be bound** by the ethical standards of the Ohio Rules of Professional Conduct adopted by the Supreme Court of Ohio, so far as they are not inconsistent with federal law.

(emphasis added). In other words, an attorney seeking admission to practice before this Court must demonstrate good professional character and compliance with the Ohio Rules of Professional Conduct. Local Rules 83.7(b) and (c) provide, correlatively, that after an attorney is admitted *pro hac vice*, that attorney may be disciplined for any violation of the Ohio Rules of Professional Conduct. Regrettably, in light of the circumstances described above in Part II, Mr. Mahoney has demonstrated that he lacks good professional character or that he will comply with the Ohio Rules of Professional Conduct.

The Court should deny the Motion because Mr. Mahoney has already knowingly and cavalierly violated Rule 4.2 of the Ohio Rules of Professional Conduct in connection with the very dispute that is the subject of this case. Rule 4.2, entitled "Communications with Person Represented by Counsel," provides:

> In representing a client, a lawyer **shall not** communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order. (Emphasis added.)

This mandatory rule, which is also in effect in Mr. Mahoney's home state of Arizona,[2] is naturally construed quite broadly. For instance, the rule squarely prohibits communications with a constituent of an organization who supervises, directs, or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization. Id. at Official Comment 7. Likewise, the rule fully applies even when the attorney does not initiate the communication in question. Comment 3 of the Official Commentary to Rule 4.2 emphasizes that:

---

[2] Rule 4.2 of the Arizona Rules of Professional Conduct provides: "In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."

> The rule applies **<u>even though</u>** the represented person initiates or consents to the communication. A lawyer **<u>must immediately terminate</u>** communication with a person if, after commencing communication, the lawyer learns that the person is one with whom communication is not permitted by this rule.

(emphasis added). The critical purpose of the rule is to ensure the proper functioning of the legal system by protecting a person who has chosen to be represented by a lawyer in a matter against possible overreaching by other lawyers who are participating in the matter, interferences by those lawyers with the client-lawyer relationship, and the uncounselled disclosure of information relating to the representation. Id. at Comment 1. In other words, strict compliance with the rule is of the utmost importance to the overall integrity of the judicial system. *See* <u>United States v. Beiersdorf-Jobst, Inc.</u>, 980 F.Supp. 257 (N.D. Ohio 1997) (comparing Model Rule 4.2 with DR 7-104(A) and noting that the policies supporting the rule "protect both individuals and corporations").

Mr. Mahoney has unequivocally engaged in professional misconduct by participating in the September 30, 2010 conference call with Smucker. As demonstrated above, Mr. Mahoney was unambiguously notified by Mr. Plewacki that Mr. Plewacki was representing Smucker in connection with this dispute. Affidavit of R. Plewacki at ¶¶ 3-4. Mr. Plewacki never granted Mr. Mahoney permission to communicate directly with Smucker. Id. at ¶ 5. Further, Mr. Mahoney never even attempted to seek Mr. Plewacki's permission to speak directly with Smucker. Id. Mr. Mahoney's subsequent, unannounced, and unilateral participation in a telephone conference with business decisionmakers at Smucker is wholly inexcusable. Mr. Mahoney's mere participation in the telephone conference is in and of itself a clear ethical violation of significant magnitude. However, Mr. Mahoney's misconduct is particularly egregious in that he not only knowingly participated in the conference call but actively advocated for his client's position and asked questions of Smucker's representatives. Affidavit of David R. Wilson at ¶ 10. Mr. Mahoney's conduct clearly shows that he cannot or will not participate in

this case with a reasonable degree of propriety. Indeed, in light of his prior conduct, his participation in this matter will taint or diminish the integrity of future proceedings before this Court.

In short, Smucker respectfully requests that the Court deny the Motion and prohibit Mr. Mahoney's participation in this action. Defendant will suffer no prejudice in connection with the denial of Mr. Mahoney's admission *pro hac vice* as Defendant is also being represented by Mr. Joseph W. Pappalardo, Esq., of the Gallagher Sharp law firm. Smucker's counsel is familiar with Mr. Pappalardo and knows him to be a highly competent lawyer who conducts himself with the utmost integrity.

### IV. CONCLUSION

In summary, the Court must deny the Motion because Mr. Mahoney has knowingly and cavalierly violated Rule 4.2 of the Ohio Rules of Professional Conduct in connection with the very dispute that is the subject of this case. To permit his participation under these circumstances will undermine the integrity of the judicial system.

Respectfully submitted,

**OF COUNSEL:**

**BENESCH, FRIEDLANDER,**
 **COPLAN & ARONOFF LLP**

/s/Richard A. Plewacki
RICHARD A. PLEWACKI (0013066)
CLARE R. TAFT (0076570)
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
(216) 363-4500
(216) 363-4588 (Fax)
rplewacki@beneschlaw.com;
ctaft@beneschlaw.com

MARC S. BLUBAUGH (0068221)
41 South High Street, Suite 2600
Columbus, Ohio 43215
(614) 223-9300
(614) 223-9330 (Fax)
mblubaugh@beneschlaw.com

*Attorneys for Plaintiff J.M. Smucker LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was duly served upon counsel of record, this the 27th day of December, 2010, and upon all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's electronic filing system.

/s/Richard A. Plewacki

33136\2\3797860\1