UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J.M. Smucker LLC, | ) | CASE NO. 5:10CV2753 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| | ) | **ORDER** |
| Swift Transportation Company, | ) ) | (Resolves Doc. 7) |
| Defendant. | ) ) | |

This matter appears before the Court on Swift Transportation Company's motion to dismiss or in the alternative transfer venue. The motion is DENIED.

There is no dispute that venue in this matter is dictated by 49 U.S.C. §14706(d) which provides in relevant part as follows:

> (1) Against delivering carrier.--A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.
>
> (2) Against carrier responsible for loss.--A civil action under this section may be brought against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

In its motion, Swift appears to assert that the above-quoted provisions are mutually exclusive. Furthermore, Swift seeks to add limiting language to section (d)(1). "The law gives shippers the optional venue of (d) (1), *but only for multiple interlining carrier scenarios when the loss could have occurred among any of them*." Doc. 7 at 6 (emphasis added). Swift's argument is not supported by the plain language of the statute. Furthermore, Swift has not offered any law that would support such an interpretation.

Swift's arguments border on frivolous. After research, this Court has found no authority that would remotely suggest that Swift's argument is tenable. Rather, the statute is unambiguous. A civil action against a delivering carrier may be brought against that carrier in any district court in which the carrier conducts business. Herein, there is no dispute that Swift was the delivering carrier and there is also no dispute that Swift conducts business in Ohio. Accordingly, Swift's arguments that venue is improper are meritless.

Swift's motion is DENIED.

IT IS SO ORDERED.

Date: February 17, 2011          /s/ John R. Adams
                                                             Judge John R. Adams
                                                             UNITED STATES DISTRICT COURT